OPINION JUDGMENT ENTRY
{¶ 1} Appellant Blaine Dobbins appeals the decision of the Muskingum County Court of Common Pleas that denied his motion to vacate the imposition of court costs. The following facts give rise to this appeal.
 {¶ 2} On February 25, 2002, appellant pled guilty to eleven counts of forgery and one count of taking the identity of another. On March 4, 2002, the trial court sentenced appellant to an aggregate prison term of twenty-two months and ordered appellant to pay court costs in the amount of $242.70. Thereafter, on November 20, 2003, appellant filed a pro se motion requesting the trial court to vacate its order as it pertained to the payment of court costs. The trial court denied appellant's motion on December 9, 2003. We granted appellant leave to file a delayed appeal.
 {¶ 3} Appellant sets forth the following assignment of error for our consideration:
 {¶ 4} "I. The trial court erred in ordering appellant to pay costs of prosecution/court costs."
 I. {¶ 5} In his sole assignment of error, appellant maintains the trial court erred when it ordered him to pay court costs in the amount of $242.70 because he is indigent. We disagree.
 {¶ 6} R.C. 2947.23 governs the trial court's authority to impose costs on a defendant convicted of a felony. This statute provides:
 {¶ 7} "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. If a jury has been sworn at the trial of a case, the fees of the jurors shall be included in the costs, which shall be paid to the public treasury from which the jurors were paid."
 {¶ 8} In support of his argument, appellant cites R.C.2949.14, which prohibits imposing costs on an indigent defendant. Appellant argues R.C. 2949.14 prevails over R.C. 2947.23. R.C.2949.14 provides as follows:
 {¶ 9} "Upon conviction of a non-indigent person for a felony, the clerk of the court of common pleas shall make and certify under his hand and seal of the court, a complete itemized bill of the costs made in such prosecution, including the sum paid by the board of county commissioners, certified by the county auditor, for the arrest and return of the person on the requisition of the governor, or on the request of the governor to the president of the United States, or on the return of the fugitive by a designated agent pursuant to a waiver of extradition except in cases of parole violation. Such bill of costs shall be presented by such clerk to the prosecuting attorney, who shall examine each item therein charged and certify to it if correct and legal. Upon certification by the prosecuting attorney, the clerk shall attempt to collect the costs from the person convicted."
 {¶ 10} We addressed the issue appellant raises in State v.White,[1] Guernsey App. No. 02CA23, 2003-Ohio-2289. InWhite, we explained:
 {¶ 11} "R.C. 2949.14 does not govern the court's ability to order costs. The statute is directed at the ability of the clerk of courts to collect the costs from the person convicted. While R.C. 2949.14 provides a collection mechanism only for non-indigent defendants, nothing in R.C. 2947.23 prohibits the court from assessing costs to an indigent defendant as part of the sentence. In the event the indigent defendant at some point ceases to be indigent, the clerk could then collect costs pursuant to the procedure outlined in R.C. 2949.14. Ohio law does not prohibit a judge from including court costs as part of the sentence of an indigent defendant. State v. Tubbs (May 29, 1998), Fairfield App. No. 97CA72; State v. Payne (Dec. 20, 1999), Delaware App. No. 99CAA05024." Id. at ¶ 9.
 {¶ 12} Accordingly, the trial court did not err when it denied appellant's motion to vacate its order as it pertained to the imposition of court costs. The trial court properly ordered appellant to pay court costs pursuant to R.C. 2947.23.
 {¶ 13} Appellant's sole assignment of error is overruled.
 {¶ 14} For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.
Wise, J., Gwin, P.J., and dwards, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
Costs assessed to Appellant.
[1] The White case is currently pending before the Ohio Supreme Court, which certified the following question: "Pursuant to R.C. 2949.14 and R.C. 2947.23, may a trial court assess court costs against an indigent defendant convicted of a felony, as part of the sentence?" State v. White, 100 Ohio St.3d 1406,2003-Ohio-4948.